```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA

CYNTHENA W. MCKINLEY                      CIVIL ACTION
For
D.M.

VERSUS                                    NO: 10-321

MICHAEL ASTRUE, COMMISSIONER              SECTION: R
OF SOCIAL SECURITY
ADMINISTRATION
```

## ORDER AND REASONS

Before the Court is a motion to dismiss by Defendant Michael Astrue, Commissioner of the Social Security Administration (SSA).[1] For the following reasons, the Court GRANTS Defendant's motion.

## I.  BACKGROUND

This case concerns Plaintiff's attempt to obtain disabled child's benefits. On June 4, 2008, Plaintiff applied for such benefits on behalf of Claimant D.M. under Title XVI of the Social

---

[1] (R. Doc. 10.)

Security Act.[2] The claim was denied and Plaintiff filed a timely request for a hearing. After a hearing, the administrative law judge denied Plaintiff's claim on June 26, 2009.[3] The notice of decision informed Plaintiff that she had 60 days to file an appeal, in addition to five days in which to receive the notice. Plaintiff filed a request for review by the Appeals Council on September 23, 2009, more than 65 days after the administrative law judge issued her decision.[4] Plaintiff's counsel attached a letter acknowledging that her request for review was untimely.[5] Counsel indicated that she had mistakenly thought that the appeal had been filed earlier, and she requested that the Appeals Council find good cause for the late filing. On December 8, 2009, the Appeals Council dismissed Plaintiff's request for review because the request was untimely and because there was no good cause to extend the time for filing an appeal.[6]

On February 3, 2010, Plaintiff filed this action seeking judicial review of the SSA's decision.[7] Defendant now moves to

---

[2] (R. Doc. 10, Ex. A.)

[3] (R. Doc. 10, Ex. A1.)

[4] (R. Doc. 10, Ex. A2.)

[5] (R. Doc. 10, Ex. A3.)

[6] (R. Doc. 10, Ex. A4.)

[7] (R. Doc. 1.)

dismiss the case on grounds that the Court lacks subject matter jurisdiction.

**II.  STANDARD**

Rule 12(b)(1) requires dismissal of an action if the court lacks jurisdiction over the subject matter of the plaintiff's claim.  Motions submitted under Rule 12(b)(1) allow a party to challenge the court's subject matter jurisdiction based upon the allegations on the face of the complaint.[8]  In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts.[9]  Furthermore, the plaintiff bears the burden of demonstrating that subject matter jurisdiction exists.[10]  When examining a factual challenge to subject matter jurisdiction that does not implicate the merits of the plaintiff's cause of action,

---

[8]  *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996); *see also Lopez v. City of Dallas, Tex.*, No. 03-2223, 2006 WL 1450520, at *2 (N.D.Tex. May 24, 2006).

[9]  *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001); *see also Barrera-Montenegro*, 74 F.3d at 659.

[10]  *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

the district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case."[11] Accordingly, the Court may consider matters outside the pleadings, such as testimony and affidavits.[12] A court's dismissal of a case for lack of subject matter jurisdiction is not a decision on the merits, and the dismissal does not necessarily prevent the plaintiff from pursuing the claim in another forum.[13]

**III. DISCUSSION**

Defendant contends that the Court lacks subject matter jurisdiction over this case because Plaintiff failed to exhaust her administrative appeal remedies. Section 205(g) of the Social Security Act establishes the scope of the federal courts' jurisdiction to review benefits determinations of the Commissioner of Social Security.[14] Specifically, section 205(g) grants a claimant the right to seek judicial review of any "final

---

[11] *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997); *see also Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986).

[12] *See Garcia*, 104 F.3d at 1261.

[13] *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

[14] 42 U.S.C. § 405(g).

decision ... made after a hearing to which he was a party[.]"[15] The Social Security Act further provides that a court may only review a decision by the Commissioner in accordance with this provision.[16] The Fifth Circuit has followed the United States Supreme Court in noting:

> The requirement [of a final decision] is . . . something more than simply a codification of the judicially developed doctrine of exhaustion. . . . The term "final decision" is not only left undefined by the Act, but its meaning is left to the Secretary to flesh out by regulation. The statutory scheme is thus one in which the Secretary may specify such requirements for exhaustion as he deems serve his own interests in effective and efficient administration.[17]

A claimant therefore must meet the SSA's regulatory requirements in order to exhaust his administrative remedies and obtain a final decision that can be reviewed by a court.[18]

The regulations provide for a four-step administrative review process. After an individual files a claim for benefits, the SSA first makes an initial determination to either grant or

---

[15] *Id.*

[16] *Id.* § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."); *see also Califano v. Sanders*, 430 U.S. 99, 108 (1977) (Section 405(g) "clearly limits judicial review to a particular type of agency action").

[17] *Harper by Harper v. Bowen*, 813 F.2d 737, 740 (5th Cir. 1987), quoting *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975).

[18] *Harper*, 813 F.2d at 740.

5

deny the claim.[19]  Second, the claimant can request reconsideration,[20] and the SSA will issue a reconsidered determination.[21]  If dissatisfied with that determination, the claimant can request a hearing before an administrative law judge.[22]  Finally, the claimant can appeal the ALJ's decision to the Appeals Council.[23]  Such an appeal must be filed within 60 days after the claimant receives notice of the ALJ's determination.[24]  The SSA presumes that the claimant receives notice five days after the date on the notice, unless the claimant shows that he did not receive notice within that period.[25]  Thus, a claimant generally has 65 days from the date on the notice to appeal the ALJ's decision.  The claimant may request an extension of time to file an appeal, which the Appeals Council will grant if the claimant shows good cause for missing the deadline.[26]  If the claimant fails to appeal within the

---

[19]     20 CFR § 416.1402.

[20]     *Id.* § 416.1407.

[21]     *Id.* § 416.1420.

[22]     *Id.* § 416.1429.

[23]     *Id.* § 416.1467.

[24]     *Id.* § 416.1468(a).

[25]     *Id.* § 416.1401.

[26]     *Id.* § 416.1468(b).

allowed period of time and the SSA does not grant an extension, the Appeals Council will dismiss the request for review.[27] The regulations state that "[t]he dismissal of a request for Appeals Council review is binding and not subject to further review."[28] The regulations further state that the denial of a claimant's request to extend the time period for requesting review of a decision is "not subject to judicial review."[29]

Plaintiff requested review by the Appeals Council on September 23, 2009,[30] more than 65 days after the ALJ's unfavorable decision was issued on June 26, 2009.[31] Plaintiff's counsel has acknowledged that the appeal was untimely.[32] The Appeals Council found that there was no good cause to extend the time for filing and dismissed Plaintiff's request for review.[33] The regulations expressly state that such a dismissal is not subject to judicial review.[34] Thus, this Court lacks

---

[27]  *Id.* § 416.1471.

[28]  *Id.* § 416.1472.

[29]  *Id.* § 416.1403(a)(8).

[30]  (R. Doc. 10, Ex. A2.)

[31]  (R. Doc. 10, Ex. A1.)

[32]  (R. Doc. 10, Ex. A3.)

[33]  (R. Doc. 10, Ex. A4.)

[34]  20 CFR § 416.1472, 416.1403(a)(8).

7

jurisdiction to review the Appeals Council's dismissal of Plaintiff's claim.

Plaintiff argues that the Appeals Council's dismissal can be reviewed by this Court because that dismissal constitutes a "final decision" for purposes of section 205(g). Plaintiff cites the Fifth Circuit's decision in *Langford v. Flemming*, which held that the administrative decision to dismiss an appeal due to its untimeliness did constitute a final decision and that a court could review the dismissal.[35] In *Harper by Harper v. Bowen*, however, the Fifth Circuit overturned *Langford* and held that judicial review is not available in this situation.[36]

The Fifth Circuit's decision in *Harper* set out multiple reasons why a claimant whose untimely appeal has been dismissed cannot obtain judicial review. First, the regulations expressly prohibit judicial review of a decision by the Appeals Council not to grant an extension of time to file an appeal.[37] The Fifth Circuit has followed the United States Supreme Court in holding that these regulations are valid and effective.[38] In light of

---

[35] 276 F.2d 215, 218 (5th Cir. 1960).

[36] 813 F.2d 737 (5th Cir. 1987).

[37] 20 CFR § 416.1472, 416.1403(a)(8).

[38] *Harper*, 813 F.2d at 743, citing *Califano v. Sanders*, 430 U.S. 99, 108 (1977). *See also Green v. Heckler*, 742 F.2d 237

8

these regulations, the Court may not exercise judicial review in this matter.

Second, the Supreme Court ruled in *Califano v. Sanders* that an hearing must be required, not optional, for an administrative decision to become "final" under section 205(g).[39] Under the regulations, the Appeals Council's decision whether to hear an untimely appeal is discretionary and depends on whether it finds good cause for the delay.[40] Thus, a dismissal by the Appeals Council does not constitute a "final decision," and judicial review is not available under section 205(g).[41]

Third, allowing judicial review would frustrate the policy objective of forestalling belated litigation of Social Security eligibility claims.[42] Such a policy is particularly necessary in light of the vast number Social Security claims filed every

---

(5th Cir. 1984) (no judicial review of denial of request for emergency SSI cash advance because judicial review prohibited by regulation).

[39] 430 U.S. 99, 108 (1977) (ruling that judicial review of an administrative decision not to reopen a case was not available).

[40] 20 C.F.R. § 416.1468(b).

[41] *Harper*, 813 F.2d at 743, citing *Sanders*, 430 U.S. at 108.

[42] *Harper*, 813 F.2d at 743, citing *Sanders*, 430 U.S. at 108.

year.[43]

Fourth, Plaintiff cannot obtain judicial review because she failed to exhaust her administrative remedies.[44] Under the statutory scheme, the SSA may specify exhaustion requirements that meet its interests in efficient administration.[45] When the SSA has mandated "a specific regulatory scheme providing four steps," the Plaintiff "must exhaust all of them and cannot be allowed to omit the last one."[46] By not filing a timely appeal, Plaintiff omitted the last step of the regulatory scheme and failed to exhaust her administrative remedies. Judicial review is therefore unavailable.[47]

---

[43] *Sanders*, 430 U.S. at 102.

[44] *Harper*, 813 F.2d at 743.

[45] *Salfi*, 422 U.S. at 766.

[46] *Harper*, 813 F.2d at 742.

[47] Every circuit court that has considered the question, except the Eleventh, has agreed with this conclusion. *See, e.g.*, *Matlock v. Sullivan*, 908 F.2d 492 (9th Cir. 1990) (no judicial review of Appeals Council's dismissal of untimely request for review); *Adams v. Heckler*, 799 F.2d 131 (4th Cir. 1986) (same); *Smith v. Heckler*, 761 F.2d 516 (8th Cir. 1985) (same); *Watters v. Harris*, 656 F.2d 234 (7th Cir. 1980) (same); *see also Waters v. Massanari*, 184 F.Supp.2d 1333, 1339 (N.D.Ga. 2001) ("The Eleventh Circuit is only federal circuit which grants judicial review of the Appeals Council's dismissal of an untimely request for review."). *Cf. Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983) (judicial review of dismissal for untimeliness was available, even though judicial review of a decision not to reopen a case would not be available under *Califano v. Sanders*,

Plaintiff asks the Court to excuse her failure to exhaust her administrative remedies. Plaintiff cites *Matthews v. Eldridge*,[48] in which the Supreme Court authorized judicial review despite the plaintiff's failure to exhaust his administrative remedies. In that case, however, the plaintiff brought a constitutional challenge to the SSA's decision. When a claimant raises a colorable constitutional challenge, "the availability of judicial review is presumed" despite any failure to exhaust administrative procedures, which are unsuited to resolving such questions.[49] When constitutional issues are not present, however, and a claimant has not exhausted the available administrative remedies, courts lack jurisdiction to review an administrative dismissal for untimeliness.[50] Here, Plaintiff has not raised any constitutional questions. Because she has not met

---

430 U.S. 99 (1977)). The Fifth Circuit has rejected *Bloodworth*'s distinction between reopening a case and reviewing a dismissal. *Harper*, 813 F.2d at 741-42.

[48] 424 U.S. 319 (1976).

[49] *Sanders*, 430 U.S. at 108-09.

[50] *Id. See also Torres v. Shalala*, 48 F.3d 887, 890 (5th Cir. 1995) ("[F]ederal court review of the Secretary's denial of a motion to reopen a claim lies only where a colorable constitutional claim is at issue."); *Penner v. Schweiker*, 701 F.2d 256 (3d Cir. 1983) (no judicial review of Appeals Council dismissal for untimeliness, but court could hear constitutional challenge).

the requirements of section 205(g), this Court lacks subject matter jurisdiction over Plaintiff's claim. The Court may not excuse or ignore its lack of subject matter jurisdiction.[51] Plaintiff's further contentions that the Appeals Council regularly grants extensions for the submission of supporting briefs, and that the untimeliness of her appeal caused no administrative delay, are therefore inapposite. Thus, Plaintiff's claim must be dismissed.

**IV.    CONCLUSION**

For the reasons stated, Defendant's motion to dismiss is GRANTED and Plaintiff's complaint is DISMISSED.

New Orleans, Louisiana, this 16th day of July, 2010.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[51] Fed. R. Civ. P. 12(b)(1); *see also Lopez v. City of Dallas, Tex.*, No. 03-2223, 2006 WL 1450520, at *2 (N.D.Tex. May 24, 2006).